Filed 2/3/22  Plata v. City of San Jose CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| RAYMOND PLATA et al.,<br><br>  Plaintiffs and Appellants,<br><br>  v.<br><br>CITY OF SAN JOSE,<br><br>  Defendant and Respondent. | G060382<br><br>(Super. Ct. No. 2014-1-CV-258879)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Santa Clara County, Thomas E. Kuhnle, Judge.  Affirmed.

McManis Faulkner, James McManis, Matthew Schechter, Tyler Atkinson, Hilary Weddell for Plaintiffs and Appellants.

Nora Frimann, City Attorney, Ardell Johnson, Assistant City Attorney, Kathryn Zoglin and Margo Laskowska, Deputy City Attorneys for Defendant and Respondent.

**INTRODUCTION**

Appellants Raymond and Michelle Plata ask us to reverse an order in the trial court denying them attorney fees from the City of San Jose (the City) under the private attorney general statute, Code of Civil Procedure section 1021.5. This appeal is being heard in conjunction with separate cross-appeals they and the City have filed as to the underlying decision on the merits.[1] The Platas wish to recover their fees not because they were successful at the time of judgment, but because they caused the City to institute changes to its Municipal Code and to its practices short of judgment. We find nothing in the record to overcome the trial court's skepticism that the Platas were the driving force in any such changes, and we therefore affirm the denial of attorney fees.

**FACTS**

*Background Facts*

In 2003, the City enacted San Jose Municipal Code section 4.80.630 (section 4.80.630), which placed parameters around the use of monies in the City's water utility operating fund. The aim of section 4.80.630 was to both reduce customer rates and limit the amount of annual transfers which could be made from the City's wholly-owned water utility, the San Jose Municipal Water System (Muni Water) to its general fund. The code provision also allowed for annual "in lieu" transfers as well as transfers to give the City a "reasonable rate of return." The City phased out in lieu and rate of return transfers in 2009.

Muni Water has used a tiered pricing structure for its customers since 1994. However, in the spring of 2015, with the issuance of our decision in *Capistrano Taxpayers Assn., Inc. v. City of San Juan Capistrano* (2015) 235 Cal.App.4th 1493 (*Capistrano*), the City began the process of evaluating and transitioning away from such

---

[1] We have disposed of those appeals by separate opinion. (See *Plata v. City of San Jose*, case No. G060385.) The City's cross-appeal and request for judicial notice filed under this case number is repetitive of its cross-appeal to the underlying judgment, and is mooted by our separate opinion.

a structure.[2]  In September 2015, it began seeking proposals from qualified consultants to perform a comprehensive cost of service and rate study for Muni Water in order to ensure its rate structure "conform[ed] to existing legal requirements" while retaining fairness and efficiency of administration.

The City contracted with Raftelis Financial Consultants (Raftelis) in 2016 to conduct the study.  In April 2017, the City's director of environmental services, Kerri Romanow, advised the San Jose City Council in a memorandum that Raftelis recommended eliminating the tiered rate structure for residential customers as part of an effort to make rates more uniform and fair.  Raftelis also recommended Muni Water increase the size of its operating reserves.  As part of the implementation of this recommendation, section 4.80.630 had to be amended to give the city council flexibility in determining the amount of the reserve.  In the course of amending section 4.80.630, Romanow recommended the city council delete "provisions related to general fund transfers, historic staffing ratios, and periodic audits" so the Municipal Code would comport with "the City's current practices."  In late May 2017, the San Jose City Council adopted revisions which, in part, eliminated allowance of in lieu and rate of return transfers.

*The Lawsuit*

In November 2013, well before the *Capistrano* decision came out, the Platas filed a government claim with the City.  In the claim, the Platas alleged the City had been systematically siphoning money from Muni Water's fund through mechanisms such as the in lieu and rate of return transfers.  They also pointed out section 4.80.630 purported "to allow the unconstitutional transactions."

---

[2]    In *Capistrano*, we held local water agencies must calculate the costs of providing water at each level of usage in order to constitutionally employ a tiered pricing structure. (*Capistrano, supra,* 235 Cal.App.4th at pp. 1497-1498.)

3

After their claim was rejected, the Platas filed a class action lawsuit against the City on January 10, 2014, seeking a refund, declaratory and injunctive relief, and general and special damages for violations of article XIII D, section 6, subdivision (b) (Proposition 218), alleging the City had used revenues from Muni Water for purposes unrelated to the cost of providing water services and had charged inflated rates to make up for the unlawful draw-downs. Because section 4.80.630 expressly allowed the City to make the unlawful rate of return transfers, they sought a declaratory judgment declaring the code provision unconstitutional.

In September 2017, only a few weeks before trial was set to begin in the matter, the parties filed a joint pretrial statement in which the Platas for the first time asserted the City's tiered rate structure also violated Proposition 218. Over the City's objection, the trial court allowed the new theory and found the City had not shown compliance with the tier rate structure. In our companion opinion, we have reversed this aspect of the trial court's judgment for reasons described therein.

Ultimately, the judgment denied plaintiffs any relief. Even if the City had not met its burden to show the tier structure was reasonably tied to the cost of providing water service, the trial court concluded there were intractable problems in trying to determine who in the class was harmed by the tier structure and to what extent. Regarding section 4.80.630, it felt the code provision had "shortcomings," but they had been addressed by the 2017 amendment. Therefore, there was no current controversy. The Platas could not seek declaratory relief just because they were afraid the City might resume the practice.

On July 18, 2018, the Platas filed a motion for attorney fees, invoking Code of Civil Procedure section 1021.5 and the court's inherent powers. They contended the City changed its tiered pricing and amended section 4.80.630 because of their lawsuit, and despite the lack of an award of damages or equitable relief,

4

they had catalyzed the change in its practices for the greater good.  The trial court denied the motion.

## DISCUSSION

Posttrial attorney fee awards are usually reviewed for abuse of discretion. Where the analysis requires a determination as to whether the legal criteria for an attorney fee award have been met, independent review is warranted.  (See *Conservatorship of Whitley* (2010) 50 Cal.4th 1206, 1213.)  With a caveat.  "Under some circumstances, the application of a criterion in [Code of Civil Procedure] section 1021.5 to the facts may present 'a mixed question of law and fact and, if factual questions predominate, may warrant a deferential standard of review.'  [Citation.]  In contrast, when the controversy over whether a criterion is met presents a mixed question and the material facts are largely undisputed, the mixed question is treated as a question of law and reviewed de novo. [Citation.]"  (*Vosburg v. County of Fresno* (2020) 54 Cal.App.5th 439, 460.)  Because factual questions predominate here, we apply a deferential standard of review.

"'California generally follows what is commonly referred to as the "American Rule," which provides that each party to a lawsuit must ordinarily pay his or her own attorney fees.'  (*Tract 19051 Homeowners Assn. v. Kemp* (2015) 60 Cal.4th 1135, 1142.)  However, 'the Legislature has established a variety of exceptions to the American Rule by enacting numerous statutes that authorize or mandate an award of attorney fees in designated circumstances.'  (*Ibid*.)"  (*Varney Entertainment Group, Inc. v. Avon Plastics, Inc.* (2021) 61 Cal.App.5th 222, 229.)  Indeed, prevailing parties in litigation are usually entitled to attorney fees as an element of statutory costs only if there is "a legal basis, independent of the cost statutes and grounded in an agreement, statute, or other law, upon which to claim recovery of attorney fees."  (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 606; see also Code Civ. Proc., §§ 1032, 1033.5.)

One such legal basis is the private attorney general statute, which gives the trial court discretion to award attorney fees "to a successful party . . . in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement . . . are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any." (See Code Civ. Proc., § 1021.5.)

"Our Supreme Court has 'taken a broad, pragmatic view of what constitutes a "successful party"' for purposes of [Code of Civil Procedure] section 1021.5. (*Graham v. DaimlerChrysler Corp.* (2004) 34 Cal.4th 553, 565 (*Graham*).) It has approved fee awards in cases that '"d[id] not result in a favorable final judgment"' (*ibid.*) and in cases where there was no '"judicially recognized change in the legal relationship between the parties"' (*Tipton-Whittingham* [*v. City of Los Angeles* (2004)] 34 Cal.4th [604,] 608), so long as 'the defendant change[d] [their] behavior substantially because of, and in the manner sought by, the [plaintiff]' (*Graham*, at p. 560). 'The critical fact [was] the impact of the action, not the manner of its resolution.' (*Folsom v. Butte County Assn. of Governments* (1982) 32 Cal.3d 668, 685.)" (*Skinner v. Ken's Foods, Inc.* (2020) 53 Cal.App.5th 938, 946 (*Skinner*).) "Thus, an award of attorney fees may be appropriate where 'plaintiffs' lawsuit was a *catalyst* motivating defendants to provide the primary relief sought . . . . [Citation.] A plaintiff will be considered a 'successful party' where an important right is vindicated 'by activating defendants to modify their behavior.' [Citation.]" (*Westside Community for Independent Living, Inc. v. Obledo* (1983) 33 Cal.3d 348, 353 (*Westside Community*).)

"For purposes of [Code of Civil Procedure] section 1021.5, a plaintiff's lawsuit is a 'catalyst' if it induces the defendant to voluntarily provide the relief sought. (*Graham*, *supra*, 34 Cal.4th at pp. 566-567.) A lawsuit induces such relief if it is 'a

"material" factor' in motivating the defendant, or if it '"contribute[s] in a significant way" to the result achieved.' (*Westside Community*, *supra*, 33 Cal.3d at p. 353.) But it is 'not require[d] that [the] litigation *be the only cause* of [the] defendant's acquiescence.' (*Hogar Dulce Hogar v. Community Development Com. of City of Escondido* (2007) 157 Cal.App.4th 1358, 1365 . . . .) Rather, the plaintiff's lawsuit need only be a 'substantial factor' in motivating the defendant. (*Ibid*.)" (*Skinner*, *supra*, 53 Cal.App.5th at p. 946.) "'The trial court in its discretion "must realistically assess the litigation and determine, from a practical perspective, whether or not the action served to vindicate an important right so as to justify an attorney fee award" under [Code of Civil Procedure] section 1021.5. [Citation.]" (*Graham*, *supra*, 34 Cal.4th at p. 566.)

Here, the Platas' claim and lawsuit sought relief on five different types of transfers: late fees, amounts transferred to service the debt incurred in the financing of city hall, enterprise in lieu transfers, rate of return transfers, and transfers made to compensate the City for overhead costs. The trial court found the late fees, debt service, and overhead transfers did not violate the constitution. With respect to enterprise in lieu and rate of return transfers, the trial court found these claims were barred by the statute of limitations. But the City did prohibit these transfers in its amended version of section 4.80.630 issued a few months before trial began.

Was the City's amendment of section 4.80.630 attributable to the Platas' lawsuit such that the trial court should have applied the catalyst theory to award them attorney fees? The trial court didn't think so, and we are at least equally dubious. Even though the lawsuit may have had something to do with that change, it was not the primary relief sought in the litigation. And the City was in the midst of amending the code provision anyway.

Regarding the City's decision to do away with its rate tiers, affirmance is even more compelled. In our companion opinion, we conclude the tier issue should never even have been tried because it was not encompassed by the Platas' government claim

7

and was never a subject of the litigation until right before trial. It follows that the Platas cannot have catalyzed any action by the City on the issue.

Most important, as the trial court discussed in its ruling, the City presented significant and credible evidence that its decision to do away with the tier structure was induced by the *Capistrano* decision and the subsequent cost and rate study it engendered. Even though the timeline of events may have indicated the lawsuit had some influence, the trial court was within its discretion in determining the lawsuit was not a substantial factor in the change.

## DISPOSITION

To the extent the amended judgment denies attorney fees to the Platas, it is affirmed. Respondent shall recover its costs on appeal.

BEDSWORTH, ACTING P. J.

WE CONCUR:

MOORE, J.

MARKS, J.*

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8